UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

TEXAS CHICKEN & BURGERS, LLC,

Plaintiff,

*-against-*

NYQ PROPERTY, LLC D/B/A KENNEDY CHICKEN PIZZA & KABAB,

Defendant.

---------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

Plaintiff, Texas Chicken & Burgers, LLC ("TC&B" or "Plaintiff"), by and through its attorneys, Cohen Schneider LLP, as and for its Complaint against Defendant NYQ Property, LLC d/b/a Kennedy Chicken Pizza & Kabab ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1. In this Complaint, Plaintiff seeks immediate, preliminary, and permanent injunctive relief and damages because of the Defendant's campaign of willful infringement, in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125(a)), Sections 349 and 350 of the New York General Business Law, and New York State common law.

2. Plaintiff operates over twenty (20) fast casual restaurants throughout New York City and Philadelphia under the Texas Chicken & Burgers® brand and commenced operations at its first locations in New York City on or about January 1, 2015.

3. TC&B utilizes certain colors and décor at all of its locations (a sampling of which is attached hereto as Exhibit A) and through its colors and familiar, consistent décor at its locations, customers have grown to associate such colors and décor with the Texas Chicken & Burgers® brand.

4. Plaintiff has extensively promoted its business using the TEXAS CHICKEN & BURGERS décor, logo and word mark (the "TC&B IP"), and consumers have come to recognize the TC&B IP as a brand identifier for Plaintiff's restaurants and products.

5. Defendant, who has no affiliation with Plaintiff and was not even incorporated until June 29, 2015 and upon information and belief open its restaurant around January 2016, has designed, promoted and operated its restaurant located at 89-21 Northern Boulevard, East Elmhurst, NY using colors and décor (the "Infringing Décor") that is confusingly similar to TC&B décor in an effort to unfairly trade off the reputation and goodwill of TC&B. Evidence of Defendant's Infringing Décor from the 89-21 Northern Boulevard, East Elmhurst, NY location is attached hereto as Exhibit B.

6. Defendant's use of the Infringing Décor in direct competition with Plaintiff, for goods and services also sold and provided by Plaintiff in Plaintiff's restaurants, is likely to confuse consumers. Defendant's use of the Infringing Décor will lead some consumers to conclude that Plaintiff is a partner, has a business relationship, or is somehow associated with Defendant.

7. Preventing this confusion will help protect consumers from Defendant's deceptive practices, allowing consumers to make fully informed choices about where they are eating, thereby promoting consumer protection goals of the unfair competition laws. In this action, Plaintiff seeks to enjoin Defendant from using the Infringing Décor for marketing and sale of a directly competing restaurant. The unfair competition laws do not allow a latecomer to copy a brand and enjoy a "free ride" on the goodwill associated with it. A direct competitor should not be allowed to benefit from Plaintiff's long term and extensive investment in the TC&B IP at the expense of TC&B, and to the detriment of consumers.

8. Plaintiff- through its attorneys- has tried in good faith to secure Defendant's cooperation and provide Defendant with ample opportunity to cease and desist its infringing activities and with the exception of having a lawyer engage in perfunctory, non-substantive discussions with Plaintiff's counsel presumably in an effort to distract, delay and hope that Plaintiff simply grows tired of demanding that Defendant change its course, Defendant has ignored Plaintiff's demands and refused to engage in meaningful discussions. Copies of Plaintiff's lawyers' letters to Defendant are attached hereto as Exhibit C.

**JURISDICTION AND VENUE**

6. This is a Complaint for violations of § 43 of the Lanham Act, 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), for deceptive trade practices under N.Y. Gen. Bus. Law §§ 349 and 350 and for common law unfair competition.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over the Defendant because Defendant is located and conducts business in New York State. Also, Defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum and this Complaint arises out of those activities. Defendant's use of the Infringing Décor in New York is causing ongoing injury to Plaintiff.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Eastern District of New York. The damage to Plaintiff described herein takes place in the Eastern District of New York and elsewhere.

## THE PARTIES

10. Plaintiff is a New York State limited liability company with its principal place of business in Bayside, New York. Beginning on or about January 1, 2015 began using the TC&B IP. Plaintiff also uses the TC&B IP to advertise TC&B restaurants online at http://www.texaschickenandburgers.com, and on its pages within various social media sites (e.g. Facebook, Twitter, Instagram, etc.).

11. Upon information and belief, Defendant is a New York State limited liability company with its principal place of business in East Elmhurst, NY. Defendant owns and operates the restaurant located at 89-21 Northern Boulevard, East Elmhurst, NY, a website http://www.kennedychickenpizzakabab.com and pages within various social media sites (e.g. Facebook and Twitter).

## THE TC&B INTELLECTUAL PROPERTY

12. Plaintiff's intellectual property rights are established through the use of the TC&B IP for the relevant goods and services beginning on or about January 1, 2015, which now include use in at least twenty (20) restaurants in New York City and Philadelphia physical locations, as well as on packaging and point-of-purchase materials and other in-restaurant advertising operated by Plaintiff. The TC&B IP is also used to advertise restaurant services online at http://www.texaschickenandburgers.com/, and on TC&B's social media sites.

13. TC&B is actively involved in efforts to further promote its brand in New York City, Philadelphia and beyond, and as a result thereof the general public has come to recognize TC&B as an established and successful proprietor of the TC&B IP in connection with the associated goods and services.

## THE DEFENDANT'S INFRINGING ACTIVITY

14. Upon information and belief, Defendant and persons associated with it are involved in uses of the Infringing Décor at Defendant's restaurant located at 89-21 Northern Boulevard, East Elmhurst, NY, on the website http://www.kennedychickenpizzakabab.com and various social media sites.

16. Upon information and belief, Defendant registered its limited liability company on or about June 29, 2015 (*see* evidence of formation from the New York State Department of State, Division of Corporations attached hereto as Exhibit D), registered its website on or about May 8, 2016 (*see* evidence of website registration from Whois lookup, attached hereto as Exhibit E) and opened its physical location on or about January 2016, all after Plaintiff began using its TC&B IP.

16. Upon information and belief, Defendant intentionally adopted the Infringing Décor to trade on the goodwill associated with the TC&B IP, built up over the past two years of Plaintiff's promotion, investment and association with high quality, freshly prepared food.

17. The Infringing Décor is virtually identical to the TC&B IP that TC&B uses throughout New York City and Philadelphia.

18. Defendant's use of the Infringing Décor to compete directly with Plaintiff is likely to cause consumer confusion, mistake and deception. This likelihood of confusion, mistake, and deception is even greater because both Plaintiff and Defendant operate in Queens County, and sell identical and/or similar goods.

19. Defendant's use of the Infringing Décor is likely to lead consumers to mistakenly conclude that Defendant's restaurant is affiliated, connected, or associated with Plaintiff.

20. Upon information and belief, through its use of the Infringing Décor, Defendant has intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

**FIRST CLAIM FOR RELIEF**
**(Unfair Competition under Lanham Act 15 U.S.C. § 1125(a))**

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as tot eh origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

23. By making unauthorized use of the Infringing Décor, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendants with Plaintiff and as to the origin, sponsorship, association, or approval of the Defendant's services and goods by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's acts constitute a use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendant's products as those of Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Defendant's wrongful acts will continue unless and until enjoined by this Court.

26. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

27. Defendant's egregious conduct in the use of the Infringing Décor is willful and intentional.

**SECOND CLAIM FOR RELIEF**
**(Unfair Business Practice under N.Y. Gen. Bus. Law §349 and 350)**

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29. New York General Business Law, Section 349 states in relevant part that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

30. New York General Business Law, Section 350 states in relevant part that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

31. Through their advertisement, distribution, offer to sell, and sale of goods using the Infringing Décor, the Defendant has engaged in consumer-oriented conduct that has resulted in injury to consumers in New York.

32. Defendant's deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have the tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Plaintiff has been injured thereby.

33. By the acts described above, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Sections 349 and 350 of the New York General Business Law.

34. The Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition in violation of New York Common Law)**

35. Plaintiff hereby repeats and realleges each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Defendant has palmed off its goods as those of Plaintiff, improperly trading upon Plaintiff's goodwill and valuable rights in and to the TC&B IP.

37. The Defendant committed the above alleged acts willfully, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter, and make an example of Defendant.

38. The acts of Defendant described above were done without justification and for the wrongful purpose of injuring Plaintiff and its competitive position while unfairly benefiting the Defendant.

38. By the acts described above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

39. The Defendant's acts have caused and will continue to irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

**WHEREFORE**, the Plaintiff respectfully prays that this Court:

1. For a **FINAL JUDGEMENT** that:

   a. Defendant has violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

   b. Defendant has engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

   c. Defendant has engaged in unfair competition in violation of the common law of the State of New York;

   d. That the above acts were done willfully, and/or intentionally.

2. For entry of an **ORDER** immediately, preliminarily, and permanently enjoining and restraining Defendant and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them from:

   a. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the TC&B IP;

   b. Infringing the TC&B IP, or Plaintiff's rights therein, or diluting the TC&B IP; and

3. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold, or otherwise circulated or promoted by Defendant are authorized by Plaintiff or related in any way to Plaintiff's products.

4. For an award of punitive damages in an amount to be determined by the Court; and

5. For an award of attorney's fees and costs as provided by Section 35(a) of the Lanham Act and New York law; and

6. Grant such other or further relief as the Court deems appropriate.

Dated: January 24, 2017

New York, New York

By: ______________________

Cliff S. Schneider
Cohen Schneider LLP
275 Madison Avenue, Suite 1905
New York, New York 10016
(212) 365-8600

*Attorneys for Plaintiff Texas Chicken & Burgers, LLC*

**AFFIDAVIT OF VERIFICATION**

State of New York:
: ss.
County of Queens:

Waheed Khosdal, being duly sworn deposes and says:

1. I am the Managing Member of Texas Chicken & Burgers, LLC, Plaintiff in this proceeding.

2. I have read the annexed Verified Complaint and know the contents thereof, and the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Waheed Khosdal

Subscribed and sworn to
before me this 24th day of
January, 2017

Susan V. Diez
Notary Public

SUSAN V. DIEZ
Notary Public, State of New York
No. 01DI6119801
Qualified in Queens County
Commission Expires Dec. 6, 2020